*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DERECK SCHEPPELMANN,

       Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

       Defendant,

and

DAVID ZIMNICKAS and ALYSSA ZIMNICKAS,

       Defendants-Appellees.

UNPUBLISHED
August 22, 2024

No. 367981
Oakland Circuit Court
LC No. 2021-191217-NI

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

PER CURIAM.

In this automobile negligence action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants David Zimnickas and Alyssa Zimnickas under MCR 2.116(C)(10) on the ground that plaintiff had failed to establish a genuine issue of material fact that he suffered an objectively manifested impairment under MCL 500.3135(5) that resulted from the automobile accident. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

Plaintiff initiated this automobile negligence action against defendants David and Alyssa[1] following an automobile accident that occurred on May 2, 2021. Plaintiff alleged that he suffered

---

[1] Plaintiff's complaint also named Progressive Marathon Insurance Company as a defendant and sought to recover no-fault benefits from Progressive. Plaintiff eventually settled his claims with

serious injuries constituting a serious impairment of bodily function when a vehicle driven by David and owned by Alyssa lost control or failed to yield because of defendant's negligence and crashed into the vehicle plaintiff was driving.

MRI scans conducted after the accident revealed bulging and herniated discs in plaintiff's cervical and lumbar spine. The record also includes reports from two independent medical examinations performed on plaintiff. Jason Butzin, DC, concluded after examining plaintiff that he had sustained soft tissue injuries to the cervical, thoracic, and lumbar spine as a result of the May 2, 2021 automobile accident. Dr. Butzin also stated that plaintiff experienced temporary impairment from May 6 to July 7, 2021, citing disability certificates. The record contains disability certificates completed by plaintiff's chiropractor, indicating that plaintiff was disabled from work, housework, and recreational activities from May 6, 2021, to October 28, 2021, due to the injuries sustained in the motor vehicle accident. After October 28, 2021, plaintiff's chiropractor indicated that plaintiff was no longer disabled from work but imposed a lifting restriction of 20 pounds. Plaintiff remained disabled from housework and recreational activities. Following his examination of plaintiff, Marc Wittenberg, MD, stated that plaintiff suffered musculoskeletal cervical and lumbar pain as a result of the May 2, 2021, accident. Wittenberg also noted that plaintiff did not experience any permanent or temporary impairment due to the accident, although he mentioned that plaintiff suffered an exacerbation of pre-existing degenerative issues in their cervical and lumbar spine.

Plaintiff stated in his deposition, that after attempting to return to work for a period of time after the accident, he was completely off work, his chiropractor advised him not to lift more than 20 pounds. Additionally, he noted that he could no longer bike or ride an ATV as he did before the accident. He also mentioned that he could only ride in a car for 45 minutes before needing to take a break. Plaintiff also shared that his adult son helped him with household chores.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10), ruling as follows:

> Having reviewed the evidence submitted by the parties, the Court is not persuaded that a genuine issue of material fact exists with respect to whether Plaintiff suffered an objectively manifested impairment from the accident. In light of the evidence submitted by Defendants, including Dr. Wittenberg's opinion that the disc herniations shown in the MRI were degenerative and not caused by the accident, the evidence and argument submitted by Plaintiff were not sufficient to connect the disc herniations to the accident. Because Plaintiff did not demonstrate a genuine issue of material fact with respect to whether he suffered an objectively manifested impairment as a result of the accident, the Court grants Defendants' motion for summary disposition under MCR 2.116(C)(10).

---

Progressive. Progressive is not a party to this appeal. Accordingly, we will use the term "defendants" to refer only to David and Alyssa collectively for purposes of this opinion. Because David and Alyssa share the same last name, we will use their first names when referring to either of them individually.

Plaintiff appeals this ruling.

## II. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(10) if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When considering a motion under this subrule, a court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

Under the Michigan no-fault act, MCL 500.3101 *et seq*., a "person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). The only type of threshold injury at issue in this case is whether plaintiff suffered a serious impairment of body function. The term "serious impairment of body function" is defined in MCL 500.3135(5) as follows:

> (5) As used in this section, "serious impairment of body function" means an impairment that satisfies all of the following requirements:
>
> (a) It is objectively manifested, meaning it is observable or perceivable from actual symptoms or conditions by someone other than the injured person.
>
> (b) It is an impairment of an important body function, which is a body function of great value, significance, or consequence to the injured person.
>
> (c) It affects the injured person's general ability to lead his or her normal life, meaning it has had an influence on some of the person's capacity to live in his or her normal manner of living. Although temporal considerations may be relevant, there is no temporal requirement for how long an impairment must last. This examination is inherently fact and circumstance specific to each injured person, must be conducted on a case-by-case basis, and requires comparison of the injured person's life before and after the incident.

The statute further provides that the "issues of whether the injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds," as relevant to the factual circumstances of this case, either that there "is no factual dispute concerning the nature and extent of the person's injuries" or that there "is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not

-3-

material to the determination whether the person has suffered a serious impairment of body function or permanent serious disfigurement . . . ." MCL 500.3135(2)(a).

Here, the trial court ruled that defendants were entitled to summary disposition because there was no genuine issue of material fact regarding whether plaintiff suffered an objectively manifested impairment from the accident. The trial court based this decision on the opinion of Dr. Wittenberg, who stated that the disc herniations revealed in the MRI were degenerative and not caused by the accident. The court found that the evidence and argument presented by plaintiff "were *not sufficient* to connect the disc herniations to the accident" in light of Dr. Wittenberg's opinion that the disc herniations shown in the MRI were degenerative and not caused by the accident. (Emphasis added.)

An impairment is "objectively manifested" if "it is observable or perceivable from actual symptoms or conditions by someone other than the injured person." MCL 500.3135(5)(a). "[W]hen considering an 'impairment,' the focus 'is not on the injuries themselves, but how the injuries affected a particular body function.' " *McCormick v Carrier*, 487 Mich 180, 197; 795 NW2d 517 (2010) (citation omitted). "[P]laintiffs must introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering and . . . showing an impairment generally requires medical testimony." *Id*. at 198 (quotation marks and citation omitted). There "is no quantitative minimum as to the percentage of a person's normal manner of living that must be affected" by the impairment, and "the statute does not create an express temporal requirement as to how long an impairment must last in order to have an effect on the person's general ability to live his or her normal life." *Id*. at 203 (quotation marks omitted).

Here, the record contains an independent medical examination report completed by Dr. Butzin in which he opined that plaintiff sustained soft tissue injuries to the cervical, thoracic, and lumbar spine as a result of the May 2, 2021 automobile accident. Dr. Butzin further opined that plaintiff suffered temporary impairment as a result of his condition from May 6 through July 7, 2021, referencing disability certificates for plaintiff. The disability certificates completed by plaintiff's chiropractor, indicated that plaintiff was disabled from work, housework, and recreational activities from May 6, 2021 through October 28, 2021, as result of the injuries plaintiff suffered in the motor vehicle accident. After October 28, 2021, plaintiff's chiropractor indicated that plaintiff was no longer disabled from work and instead imposed a lifting restriction of 20 pounds. Plaintiff remained disabled from housework and recreational activities. MRI scans following the accident showed bulging and herniated discs in plaintiff's cervical and lumbar spine. Accordingly, there was evidence, including medical opinion evidence, that plaintiff suffered at least a temporary impairment to his neck and back from the accident that was observable by others and that had a physical basis. *Id*. at 197-198, 203; MCL 500.3135(5)(a). Furthermore, Dr. Wittenberg also opined that plaintiff suffered an exacerbation of pre-existing degenerative issues in his cervical and lumbar spine. However, such a conclusion does not preclude plaintiff's recovery, even if true. See *Wilkinson v Lee*, 463 Mich 388, 395; 617 NW2d 305 (2000) ("Regardless of the preexisting condition, recovery is allowed if the trauma caused by the accident triggered symptoms from that condition.").

Here, evidence was submitted to the trial court that directly contradicted Dr. Wittenberg's opinion that plaintiff did not suffer any permanent or temporary impairment resulting from the automobile accident. The trial court incorrectly considered the strength of the conflicting evidence

-4-

in reaching its conclusion, which is improper in a summary disposition motion. *Patrick v Turkelson*, 322 Mich App 595, 605-606; 913 NW2d 369 (2018) ("[I]t is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition. Moreover, a court may not make findings of fact; *if the evidence before it is conflicting*, summary disposition is improper.") (quotation marks and citations omitted; alteration in original). Viewing the evidence in the light most favorable to plaintiff as the nonmoving party, there was a question of fact whether plaintiff suffered an objectively manifested impairment as a result of the motor vehicle accident, and the trial court thus erred by granting summary disposition in favor of defendants. We therefore reverse the trial court's ruling and remand this matter for further proceedings not inconsistent with this opinion.

Reversed and remanded. We do not retain jurisdiction. Plaintiff, having prevailed in full, is entitled to costs. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Philip P. Mariani